BROOKS R. BROWN (SBN 250724)
BBrown@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

VARUN BHATNAGAR (SBN 350774)
VBhatnagar@goodwinlaw.com
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA 90401
Tel.: +1 424 252 6400
Fax: +1 424 252 6401

Attorneys for Defendant
ROCKET MORTGAGE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JAMES RUKSTALIS, an individual, and JENNA MINYEN, an individual<br><br>Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE LLC, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 5:25-cv-08992<br><br>**NOTICE OF REMOVAL**<br><br>State Court<br>Complaint Filed:   September 15, 2025<br><br>*Removed from Santa Clara County Superior Court, Case No. 25CV475170* |

Defendant Rocket Mortgage, LLC hereby removes this action, currently pending as No. 25CV475170 in California Superior Court, Santa Clara County, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331 and 1332(a), as authorized by 28 U.S.C. §§ 1441 and 1446. As grounds for removal, Rocket Mortgage states as follows:

## BACKGROUND[1]

1.  On September 15, 2025, Plaintiffs James Rukstalis and Jenna Minyen filed the Complaint ("Compl.") in this lawsuit against Rocket Mortgage in California Superior Court, Santa Clara County (the "State Court Action"). The Complaint also purports to name as Defendants "Does 1–10, inclusive."

2.  On September 19, 2025, Plaintiffs served Rocket Mortgage, through its registered agent, with the Summons and Complaint. Attached hereto as **Exhibit A** is a copy of all process and pleadings served upon Rocket Mortgage in the State Court Action, including the Complaint, as of the date of this removal.

3.  The Complaint purports to assert claims under the federal Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*., and Regulation Z, 12 C.F.R. § 226.23 (Count I) and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*., referred to in the Complaint as the Unfair Business Practices Act (Count VI), plus additional claims styled as "Cancellation of Instruments and Rescission" (Count II), fraud (Count III), breach of contract (Count IV), and breach of implied covenant of good faith and fair dealing (Count V).

4.  The claims arise from allegations that Plaintiffs spent "over $4.5 million" on "a costly remodel" of their San Jose, California property (the Subject Property) and sought "a home equity line of credit (HELOC) to cover some of the cost" of correcting "construction defects." Compl. ¶ 7. They allege making inquiries to Rocket Mortgage and communicating with a Rocket Mortgage team member who told them "that Rocket Mortgage did not offer HELOCs, but that they would be able to do a home equity loan over 20 years," and accuse Rocket Mortgage of "steer[ing]

---

[1] The facts set forth in this Notice are based on the allegations in the Complaint and Rocket Mortgage's good-faith understanding of them, and are referenced herein solely for removal purposes. Rocket Mortgage does not admit to any facts alleged in the Complaint by way of this removal, and expressly reserves its right to deny and challenge all allegations and claims in the Complaint.

Plaintiffs from the HELOC that they wanted into a home equity loan." *Id*. at ¶¶ 9–10. Plaintiffs allege applying for a $500,000 home-equity loan from Rocket Mortgage "on or about August 22, 2024." *Id*. at ¶ 10.

5. "On or about September 9, 2024," Rocket Mortgage allegedly provided a loan estimate to Plaintiffs for that $500,000 loan at a fixed 10.125% interest rate. *Id*. at ¶ 16. Plaintiffs allege that this was higher than a 7.75% rate Rocket Mortgage allegedly provided on September 3, 2024. *Id*. Nevertheless, Plaintiffs allege signing closing documents for the loan at the 10.125% interest rate on October 17 and 18, 2024. *Id*. at ¶ 19.

6. In their First Cause of Action, Plaintiffs assert claims under TILA and Regulation Z, alleging that "Rocket Mortgage failed to comply with the appraisal requirements of 12 C.F.R. 1026.35" in underwriting the subject home-equity loan, and claiming a right to "TILA damages pursuant to 15 U.S.C. § 1640" and a "right to rescission of the loan agreement, including the note and deed of trust, pursuant to 15 U.S.C. § 1635." *Id*. at ¶¶ 34–37. In their Second Cause of Action, styled as "Cancellation of Instruments and Rescission," Plaintiffs again claim a right to "rescission and cancellation of the loan agreement with Rocket Mortgage, including the note and deed of trust," pursuant to "15 U.S.C. section 1635(b)." *Id*. at ¶¶ 39–40. The remaining causes of action assert various claims under state law.

7. As relief for their federal and state law claims, Plaintiffs seek (1) "compensatory damages," (2) "TILA damages pursuant to 15 U.S.C. § 1640," (3) rescission of the loan, (4) statutory damages under unspecified statutes, (5) attorneys' fees and costs, (6) prejudgment interest, (7) punitive damages, and (8) any other relief that the Court deems proper. Compl. at 13–14.

## **REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1332 AND 1441**

### **(Federal Question Jurisdiction)**

8. Rocket Mortgage removes this matter pursuant to 28 U.S.C. § 1441(a), which provides that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." This Court has original federal question jurisdiction over this matter because it is a civil action "arising under the . . . laws . . . of the United States." 28 U.S.C. § 1441.

<３＞

9. Specifically, Plaintiff purports to state a claim against Rocket Mortgage for violation of TILA and Regulation Z—*i.e.*, federal laws. The federal-question requirement of 28 U.S.C. § 1331 is therefore satisfied because Plaintiffs' alleged right to relief was created by federal law. *See*, *e.g.*, *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386–87 (2012) (stating that TILA contains a federal right of action and contemplating removal of TILA claims to federal court).

**(Diversity Jurisdiction)**

10. Rocket Mortgage further removes this matter pursuant to 28 U.S.C. §1332(a), which provides that the District Courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."

11. The matter in controversy exceeds $75,000. Plaintiffs are seeking rescission of a $500,000 loan contract. Compl. ¶¶ 16, 38–40. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "In actions for rescission, courts have used the value of the object of the contract as the value of the rescission claim for the amount-in-controversy determination." *Locher v. Thor Motor Coach, Inc.*, No. 17-1804, 2017 WL 6016114, at *2 (S.D. Cal. Dec. 5, 2017) (*citing Diaz v. Carmax Auto Superstores California, LLC*, No. 15- 0523, 2015 WL 3756369, at *3 (E.D. Cal. June 16, 2015)); *Garcia v. Citibank, N.A.*, No. 09-3387, 2010 WL 1658569, at *2 (E.D. Cal. Apr. 23, 2010) (valuing action for rescission of $221,000 loan agreement at $221,000).

12. The matter is between citizens of different states. Plaintiffs are citizens of California. Compl. ¶¶ 1–2. Defendant Rocket Mortgage is conceded to be a limited liability company organized and existing under the laws of the State of Michigan with its principal place of business in Detroit, Michigan. *Id*. at ¶ 3.

13. The Complaint's purported naming of "Does 1–10" as additional Defendants is irrelevant to the diversity analysis. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). Thus, the inclusion of Doe defendants "[does] not destroy diversity in the removal context." *Hao v. Chen*, No. 10- 0826, 2010

WL 3910165, at *4 (N.D. Cal. Oct. 5, 2010); *see also*, *e.g.*, *Goldsmith v. CVS Pharmacy, Inc.*, No. 20-0750, 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020) (concluding that "the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage"). That is especially the case where all Plaintiffs do is *name* "Does 1–10" as Defendants without including any factual allegation that *any* of the challenged conduct, or *any conduct at all*, was committed by a Doe entity. *See* Compl. ¶¶ 4–5 (the sole reference to Doe entities in the complaint, alleging nothing more than that "each and every Defendant herein, including those designated herein as a Doe, was the principal, agent, servant, employee, partner, joint venturer, and/or predecessor or successor in interest of each and every remaining Defendant"); *Chess v. CF Arcis IX LLC*, No. 20-1625-CRB, 2020 WL 4207322, at *3 (N.D. Cal. July 22, 2020) (finding "broad, boilerplate" references to Doe defendant as "an 'individual, corporate, associate or otherwise' that may be an 'agent, employer, partner, joint venture, alter ego, affiliate and/or co-conspirator'" insufficient to affect diversity).

14. The requirements of 28 U.S.C. §1332(a) are therefore satisfied because the amount in controversy is greater than $75,000 and there is complete diversity between the parties.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

15. <u>Removal to Proper Court</u>. Pursuant to 28 U.S.C. §§ 1446(a) and 1446(d), Rocket Mortgage filed this Notice of Removal in the United States District Court for the Northern District of California, which is the "district court of the United States" embracing the place where the State Court Action was filed. The proper venue for removed cases is the District embracing the county where the state court action was pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). The State Court Action was originally filed in the Superior Court of California, County of Santa Clara. Santa Clara County is within the jurisdiction of this District. Therefore, the State Court Action was removed to the proper court.

16. <u>Removal is Timely</u>. This removal is timely under 28 U.S.C. § 1446(b)(1) because Rocket Mortgage removed the State Court Action within thirty (30) days of service of the Complaint on Rocket Mortgage. *See* 28 U.S.C. § 1446(b)(1). Rocket Mortgage was served with the

Complaint on September 19, 2025. *See* **Exhibit A**. Therefore, this Notice of Removal is timely because it is filed within 30 days as required by 28 U.S.C. § 1446(b).

17. <u>Signature</u>. The Notice of Removal is signed pursuant to FED. R. CIV. P. 11. See 28 U.S.C. § 1446(a).

18. <u>Pleadings and Process</u>. **Exhibit A** contains all process, pleadings, and orders served on Rocket Mortgage in the State Court Action as of the date of this removal. See 28 U.S.C. § 1446(a).

19. <u>Notice to Adverse Parties and State Court</u>. Attached as **Exhibit B** is a copy of the Notice to Adverse Parties and State Court, without exhibits, which Rocket Mortgage will promptly file with the Clerk of the Superior Court for Santa Clara County, California and serve upon Plaintiff's counsel. See 28 U.S.C. § 1446(d).

20. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

21. <u>Filing Fee</u>. Rocket Mortgage has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

## **CONCLUSION**

22. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and the claim may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

23. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Rocket Mortgage requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

///

///

///

WHEREFORE, this action should proceed in the United States District Court for the Northern District of California, as an action properly removed to that forum and jurisdiction.

Respectfully submitted

Dated: October 18, 2025

By: */s/ Brooks R. Brown*
BROOKS R. BROWN (SBN 250724)
BBrown@goodwinlaw.com
VARUN BHATNAGAR (SBN 350774)
*VBhatnagar@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendant
ROCKET MORTGAGE LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **October 18, 2025**. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **October 18, 2025**.

                                                    */s/ Brooks R. Brown*
                                                    BROOKS R. BROWN