United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JAMES RUKSTALIS, et al.,

          Plaintiffs,

    v.

ROCKET MORTGAGE LLC,

          Defendant.

Case No.  5:25-cv-08992-BLF

**ORDER GRANTING MOTION TO DISMISS**

[Re:  ECF No. 17]

Plaintiffs James Rukstalis and Jenna Minyen filed a six-count complaint in the Santa Clara County Superior Court, *see* ECF No. 1-1 ("Compl."), and Defendant Rocket Mortgage LLC ("Rocket Mortgage") removed the action to federal court.  ECF No. 1.  Rocket Mortgage now moves to dismiss each of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 17 ("Mot."); ECF No. 32 ("Reply").  Plaintiffs oppose the motion.  ECF No. 31 ("Opp.").  The Court heard oral argument, followed by the initial case management conference, on April 9, 2026.  *See* ECF No. 35.

For the reasons stated on the record and set forth below, the motion is GRANTED.

**I.     BACKGROUND**

Plaintiffs' complaint is based on the terms of a home equity loan provided by Rocket Mortgage and alleges as follows.  After spending upward of $4.5 million in a "costly remodel" of their San Jose home, Plaintiffs sought to acquire a home equity line of credit to cover the cost of various resulting construction defects.  Compl. ¶ 7.  After making an inquiry, Plaintiff received a solicitation from Rocket Mortgage representing that, while Rocket Mortgage did not offer home equity lines of credit, it did offer home equity home loans and that Plaintiffs "should be able to obtain a favorable interest rate due to the home's value."  *Id.* ¶¶ 8–9.  Based on Rocket Mortgage's

representations that it offered home equity loans for up to $500,000 and that its clients "can be cleared to close within 15 days," Plaintiffs applied for a $500,000 home equity loan from Rocket Mortgage on August 22, 2024.  *Id.* ¶ 10.

A week later, on August 30, 2024, Rocket Mortgage notified Plaintiffs that it would conduct an appraisal on Plaintiff's property and engaged Solidifi US Inc. ("Solidifi") to conduct the appraisal.  Compl. ¶¶ 11–12.  On September 3, 2024, Rocket mortgage provided a loan estimate reflecting an interest rate of 7.75 percent for a $500,000 loan.  *Id.* ¶ 16.  On September 5, 2024, Solidifi conducted an appraisal, which, "[b]ased on inaccurate information and the consideration of faulty comparable sales, . . falsely declared Plaintiffs' home value to be $3.915 million, far less than its value under a correct and competently performed appraisal."  *Id.* ¶ 14.  Rocket Mortgage denied Plaintiffs' request for a second appraisal.  *See id.* ¶ 15.

On September 9, 2024, "apparently in response to the issuance of the Solidifi appraisal," Rocket Mortgage provided a revised loan estimate reflecting a 10.125 percent interest rate for a $500,000 loan, which was guaranteed until October 3, 2024.  Compl. ¶ 16.  Mr. Rukstalis subsequently signed closing documents with a notary, and the loan closed on October 18, 2024.  *Id.* ¶ 19.  Prior to closing, Plaintiffs had instructed Rocket Mortgage to disburse $14,000 to a third-party creditor, Rexel USA.  *Id.* ¶ 20.  Rocket Mortgage allegedly failed to disburse the agreed loan proceeds by the agreed upon date of October 23, 2024, delaying until October 25, 2024, to disburse payment to Rexel USA.  *Id.* ¶ 21.

Plaintiffs allege that this two-day delay resulted in their receiving the loan on different terms that they agreed to at closing:  "Despite the late disbursement, Rocket Mortgage charged purported per diem interest calculated from October 23, 2024, two days before it actually disbursed the loan proceeds.  As a result, Rocket Mortgage did not disburse a portion of the agreed loan proceeds to [Mr.] Rukstalis and the amount financed was reduced.  At the same time, the increased interest on funds not made available resulted in an effective increase in the amount [Mr.] Rukstalis paid for the actual loan proceeds.  When adjusted for the additional costs and based on the actual loan amount and interest charged, the actual loan APR was 10.360 percent, significantly higher than the contracted interest rate and the rate reflected in the Final Closing

Disclosure." Compl. ¶ 22. Plaintiffs further allege that "Rocket Mortgage charged interest at an incorrect amount, resulting in a shortfall in the disbursement of $261.26, a reduction in the amount financed, and a reduction in the actual loan amount." *Id.* ¶ 26.

Plaintiffs initiated this action by filing a complaint in the Santa Clara County Superior Court for (1) violation of the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA"); (2) rescission of the loan agreement; (3) fraud; (4) breach of contract; (5) breach of implied covenant of good faith and fair dealing; and (6) violation of California's Unfair Competition Law, Cal. Bus. & Prof. L. § 17200 ("UCL").

## II.     LEGAL STANDARD

A defendant may move to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

A court has discretion to allow leave to amend the complaint pursuant to Rule 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In deciding whether to grant leave to amend, the Court considers the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital*. The Ninth Circuit in *Eminence Capital* identified several factors to consider, including (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *See* 316 F.3d at 1052.

United States District Court
Northern District of California

### III. DISCUSSION

#### A. Truth in Lending Act

Plaintiffs' first cause of action for violation of TILA is based on the two-day delay in disbursing the loan proceeds and alleged resulting shortfall of $261.26, as well as the appraisal conducted by Solidifi at Rocket Mortgage's request.  Specifically, Plaintiffs allege that Rocket Mortgage violated TILA's disclosure requirements by "failing to disclose the correct APR, finance charge, amount financed, closing costs, and other matters required to be closed."  Compl. ¶ 34. Plaintiffs additionally allege that, based on "Rocket Mortgage ha[ving] actual knowledge that facts . . . in the Solidifi appraisal were inaccurate[,]" Rocket Mortgage failed to comply with TILA's "appraisal requirements" and "provide Plaintiffs with required disclosures."  *Id.* ¶ 36. Plaintiffs' second cause of action for rescission and cancellation of the loan agreement is based on the same alleged TILA violations.  *See id.* ¶¶ 38–39 (citing 15 U.S.C. § 1645).

Rocket Mortgage argues that Plaintiffs' first and second causes of action arising under TILA are subject to dismissal because the complaint fails to allege any inaccurate disclosure, contending that in substance Plaintiffs attempt to assert "a claim that the loan terms should have been different than they were."  Mot. at 7.  Plaintiffs do not squarely address this threshold issue, instead obliquely contending that the complaint sufficiently alleges that Rocket Mortgage "charged loan fees which it padded into the 'prepaid interest' section to evade detection" and "refused to issue corrected disclosures."  Opp. at 6.

While the complaint repeatedly alleges in conclusory fashion that Rocket Mortgage failed to provide Plaintiffs with accurate information about the material terms and payment provisions of their home equity loan in the final Closing Disclosure, *see* ECF No. 17-3 ("Closing Disclosure"),[1] the only term Plaintiffs identify is the *per diem* interest charges of $140.63 assessed on

---

[1] Rocket Mortgage has attached the Closing Disclosure as an exhibit to its motion to dismiss, Mot. at 4, and apart from quibbling about extraneous "strikethrough marks" in the document, *see* Opp. at 5 n.2, Plaintiffs do not challenge its authenticity.  The Court accordingly determines that it may take judicial notice of the Closing Document in assessing whether the complaint states a claim for violation of the TILA.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (explaining that the incorporation-by-reference doctrine extends to "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint").

4

October 23, 2024, and October 24, 2024. *See* Compl. ¶¶ 30–35. But, as Rocket Mortgage points out, *see* Mot. at 7, the Closing Disclosure accurately disclosed these very *per diem* interest charges, stating that "[p]repaid [i]nterest" shall be paid in the amount of $1,265.67, calculated as "$140.62 per day from 10/23/24 to 11/1/24." Closing Disclosure at 2.

Plaintiffs do not suggest otherwise, instead arguing that they nevertheless state a TILA violation because "the late disbursement of the loan proceeds resulted in Plaintiffs being charged *per diem* interest on days when Rocket Mortgage was holding the loan proceeds," and that it would be "more accurate[] [to] describe[]" the charges "as loan fees." Opp. at 5–6. Not so. As a disclosure-based regime, TILA liability is necessarily limited to instances of inaccurate disclosures regarding the terms of the loan agreement, which is simply not alleged here—even assuming that Plaintiffs are correct that they *should* have been charged for seven days of prepaid interest instead of nine days, the nine days of prepaid interest were "accurately disclose[d] . . . so as to permit comparison of credit terms." *Therrien v. Resource Fin. Grp., Inc.*, 704 F. Supp. 322, 326 (D.N.H. 1989). Even were the "disguised loan fee" theory to be cognizable, Plaintiffs fail to plead any facts explaining how the per diem charges were inaccurately described

Moreover, Rocket Mortgage correctly points out that, even assuming an inaccurate disclosure, TILA allows "[t]olerances for accuracy," and does not create liability for de minimis discrepancies. 12 C.F.R. § 1026.23(g)(1)(i), (i)(A) ("The finance charge and other disclosures affected by the finance charge (such as the amount financed and the annual percentage rate) shall be considered accurate for purposes of this section if the disclosed finance charge . . . [i]s understated by no more than ½ of 1 percent of the face amount of the note or $100, whichever is greater."); *see also* 15 U.S.C. § 1606(c) ("The disclosure of an annual percentage rate is accurate for the purpose of this subchapter if the rate disclosed is within a tolerance not greater than one-eighth of 1 per centum more or less than the actual rate or rounded to the nearest one-fourth of 1 per centum."). Thus, as alleged, the $261.26 variance falls short of this threshold and is not actionable. *Causey v. Sun West Mortg. Co.*, No. 15-cv-02399-JGB (SPx), 2017 WL 1190388 (C.D. Cal. Mar. 29, 2017), *aff'd*, 740 F. App'x 119 (9th Cir. 2018) (nonprecedential).

Plaintiffs' alternative allegation that Rocket Mortgage failed to comply with TILA's

United States District Court
Northern District of California

"appraisal requirements" by knowingly accepting an "inaccurate" appraisal from Solidifi and failing to "notify[] [Plaintiffs] of their right to a second appraisal" is similarly unavailing.  Compl. ¶ 36.  References to these vague, unspecified "other [TILA] requirements" do not furnish a plausible ground for relief.  *See, e.g.*, Joe Phuong Nguyen v. LaSalle Bank Nat'l Ass'n for Morgan Stanley Mortg. Loan Trusts 2005-AR6, No. 09-cv-09881-DOC (SSx), 2010 WL 11595432, at *7 (C.D. Cal. July 9, 2010) (dismissing TILA claim where allegations were so "impermissibly vague insofar as they refer[ed] to 'required disclosures' without identifying those disclosures with any specificity").  In any event, Plaintiffs do not even allege facts from which the Court could plausibly infer the violation of any specific TILA requirement.  *Boles v. Merscorp, Inc.*, No. 08-cv-01989-PSG (Ex), 2008 WL 3971557, at *2–3 (C.D. Cal. Aug. 26, 2008) (dismissing TILA claim where "Plaintiff has not specified any particular items which Defendant did not disclose, and Plaintiff has not alleged under what grounds he is owed these disclosures" because "Plaintiff's claim that the disclosures were deficient is not a factual allegation but a legal conclusion").

The complaint fails to plausibly allege that Rocket Mortgage failed to comply with TILA's disclosure requirements with respect to Plaintiffs' home equity loan.  As such, Plaintiffs have also failed to show entitlement to rescission of the loan agreement as requested in their second cause of action.  The Court accordingly GRANTS the motion to dismiss with respect to counts 1 and 2.

**B. Fraud**

Plaintiffs' third cause of action for fraud is based on Rocket Mortgage's alleged "false[] represent[ation] that they should be able to obtain a favorable interest rate due to the home's value and Plaintiffs' high credit scores."  Compl. ¶ 41.  Specifically, Plaintiffs allege fraud in Rocket Mortgage's promotional materials for its loan origination services and subsequent procurement of an appraisal from Solidifi, which Plaintiffs characterize as "fraudulent and predatory lending practices."  *Id.* ¶¶ 44–47.  Plaintiffs also appear to allege that the alleged TILA violations are actionable as misrepresentations, stating that "Plaintiffs relied on Rocket Mortgage, as their lender, to provide accurate information regarding the loan, its own requirements, and to accurately and fully represent the interest rate, full closing costs in the Final Closing Disclosure and in previous loan estimates."  *Id.* ¶ 46.

6

Rocket Mortgage argues that Plaintiffs' third cause of action for fraud is subject to dismissal because it is barred by the economic loss rule and in any case is not adequately pleaded, contending that Plaintiffs fail to plead the requisite factual allegations to establish the basic elements of a fraud claim. Mot. at 11–12. Plaintiffs respond that the complaint sufficiently pleads factual allegations giving rise to fraudulent inducement not barred by the economic loss rule and that, in any case, the alleged TILA violations also constitute fraud. Opp. at 12.

In California, to state a claim for fraud the plaintiff must plead that that the "(1) defendant misrepresent[ed] or conceal[ed] material facts; (2) with knowledge of the falsity of the representations or the duty of disclosure; (3) with intent to defraud or induce reliance; (4) which induce[d] justifiable reliance by the plaintiff; (5) to his or her detriment." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1048 (N.D. Cal. 2009). Moreover, under Federal Rule of Civil Procedure 9(b), the circumstances constituting any alleged fraud must be pleaded "specific[ally] enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citation omitted). "Claims of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct alleged." *Talece Inc. v. Zheng Zhang*, No. 20-cv-03579-BLF, 2020 WL 6205241, at *2 (N.D. Cal. Oct. 22, 2020) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

"The economic loss rule in California law 'is designed to maintain a distinction between damage remedies for breach of contract and for tort.'" *Actian Corp. v. Itron, Inc.*, No. 25-cv-08914-BLF, 2026 WL 926899, at *7 (N.D. Cal. Apr. 6, 2026) (quoting *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007)). Under this doctrine, a person "may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Aas v. Sup. Ct.*, 24 Cal. 4th 627, 643 (2000). "Instead, 'courts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies.'" *Id.* (quoting *Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999)). Stated differently, "a breach of contract is tortious only when some independent duty arising from tort law is violated." *Erlich*, 21 Cal. 4th at 554. While California

United States District Court
Northern District of California

law recognizes certain exceptions to the economic loss rule, those exceptions "require the breach of a tort duty apart from the general duty not to act negligently." *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1181 (C.D. Cal. 2009).

As a preliminary matter, the Court also need not determine whether the alleged TILA violations could also supply a basis for tort liability because, as explained *supra*, Plaintiffs fail to allege any missing or inaccurate required disclosure on the part of Rocket Mortgage. The remaining allegations in the complaint are woefully lacking and do not even plausibly give rise to an inference of fraud, to say nothing of the heightened pleading requirement under Rule 9. The complaint pleads at most that Plaintiffs were unhappy with the services they received from Rocket Mortgage in view of its promotional materials. The conclusory allegations set forth in the complaint are totally devoid of the requisite factual particularity required under Rule 9(b), including the who, what, when, where, and how of any fraudulent statements or other misconduct.

The Court agrees with Plaintiffs that the tort claim is not barred by California's economic loss rule simply by virtue of the alleged facts touching upon a contract. *See, e.g.*, *Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828, 838 (2022). Rather, "[t]ort damages have been permitted in contract cases . . . where the contract was fraudulently induced." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). To the extent that Plaintiffs allege that the fraud was Rocket Mortgage "falsely represent[ing] to Plaintiffs that they should be able to obtain a favorable interest rate," this theory sufficiently touches on fraudulent inducement so as to avoid application of the economic loss rule.

The fact that economic loss rule does not bar Plaintiffs' fraud claim as a matter of law does not mean that the claim survives dismissal as currently pleaded. Plaintiffs fail to explain why Rocket Mortgage's statement were fraudulent or how a representation that they "should" be able to obtain a favorable rate constituted a guarantee on which they relied. *See Mikels v. Ing Bank, FSB*, No. 12-cv-1312-JAM-CMK, 2013 WL 1281864, at *4 (E.D. Cal. Mar. 26, 2013), *report & recommendation adopted,* 2013 WL 12310618 (E.D. Cal. July 16, 2013) (explaining that bank defendant's statement that it "could rewrite the loan and that [it] do[es] it all the time . . . . is not a guarantee" and "cannot be the basis for a fraud claim"). As to the allegedly unfair appraisal, in

United States District Court
Northern District of California

8

addition to failing to allege that Rocket Mortgage (rather than Solidifi) made any misrepresentation, Plaintiffs fail to explain how they relied on that misrepresentation, given that the complaint alleges that they immediately disputed it and requested a second appraisal.

The Court accordingly GRANTS the motion to dismiss with respect to count 3.

### C.  Contract and Implied Covenant Claims

Plaintiffs' fourth claim for breach of contract is based on the following four alleged breaches of the loan agreement: "(1) failing to timely disburse loan proceeds, (2) charging interest on loan proceeds [Rocket Mortgage] had not provided, (3) providing an inaccurate final closing statement as required under the TILA[,] and (4) refusing to undertake corrective measures when the inaccuracies were called to its attention[.]"  Compl. ¶ 53.  Plaintiffs' fifth claim for breach of the implied covenant of good faith and fair dealing is based on the following actions, which they allege deprived them of the benefit of their bargain: "(1) not closing on time, (2) charging interest, (3) providing inaccurate closing statement, (4) refusing to correct or even acknowledge the inaccuracies and overcharges."  *Id.* ¶ 57.

Rocket Mortgage argues that Plaintiffs fail to state claims for breach of contract or breach of the implied covenant of good faith and fair dealing because the complaint fails to allege that Plaintiffs suffered damages or the existence of a material breach of the contract or bad faith on the part of Rocket Mortgage.  Mot. at 15–16.  Plaintiffs respond that they have adequately pleaded damages.  Opp. at 13.

The only provision of the loan agreement that Plaintiffs identify as being breached is the representation in the closing documents that "the loan disbursement date was October 23, 2024." Compl. ¶ 25.  Plaintiffs fail to allege, however, any damages proximately caused by the breach, as the complaint makes clear that the purpose of the October 2024 loan disbursement was to pay off their contractors, and there is no indication that they were unable to do so.  Merely pleading that "Plaintiffs lost the ability to invest the funds" over a two-day period, Opp. at 13, borders on frivolous and, as Rocket Mortgage notes, amounts to a concession that there was no out-of-pocket loss of any sort caused by the delay.  Mot. at 15.

Plaintiffs' attempt to manufacture a claim of breach of the implied covenant of good faith

9

and fair dealing by merely alleging that they were denied the benefit of the bargain is similarly defective. Plaintiffs' assertion that Rocket Mortgage "attempted to deprive Plaintiffs of the benefit of their bargain," Compl. ¶ 58, "do[es] not go beyond the statement of a mere contract breach" and "simply seeks the same damages or other relief already claimed in the companion contract cause of action." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1377 (1990). Stated differently, Plaintiffs fail to set forth any factual allegations to "distinguish the implied covenant claim from [Plaintiffs'] breach of contract claim." *JH Kelly, LLC v. AECOM Tech. Servs., Inc.*, No. 20-cv-05381-HSG, 2022 WL 195648, at *3 (N.D. Cal. Jan. 21, 2022)

The Court accordingly GRANTS the motion to dismiss with respect to counts 4 and 5.

### D.  Unfair Competition Law

Plaintiffs' sixth claim for violation of the UCL is based on the Rocket Mortgage's alleged "unlawful, unfair, or fraudulent business practices as alleged in the First, Second, Third, Fourth, and Fifth Causes of Action." Compl. ¶ 62. Plaintiffs' UCL claim rises and falls with their other claims, and the Court accordingly GRANTS the motion to dismiss with respect to count 6.

### E.  Leave to Amend

While the Court has serious concerns that the defects identified herein can be cured, at this early stage the Court cannot conclude as a matter of law that amendment would be futile and accordingly grants the motion with leave to amend.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion is GRANTED.

(2) Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE. Plaintiffs SHALL file an amended complaint within thirty days of the date of this order.

(3) Amendment SHALL be limited to curing the defects identified in this order. No new claims or parties may be added without obtaining leave of the Court.

(4) Based on the Parties' agreement, the Parties SHALL file a report indicating their selection of private mediation within two weeks of the date of this order and complete private mediation within 120 days.

United States District Court
Northern District of California

(5) This order terminates ECF No. 17.


Dated:  April 9, 2026

_____
BETH LABSON FREEMAN
United States District Judge